**Keith Ketterling,** OSB No. 913368
**Steven C. Berman**, OSB No. 951769
**Megan K. Houlihan**, OSB No. 161273
STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.
209 S.W. Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:        kketterling@stollberne.com
              sberman@stollberne.com
              mhoulihan@stollberne.com

*Special Assistant Attorneys General for Ellen F.*
*Rosenblum in her official capacity as the Attorney*
*General of the State of Oregon*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| AXOS BANK, a federally chartered savings and loan association, | Case No. 3:20-cv-01712-HZ |
| Plaintiff, | **DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| v. | |
| ELLEN F. ROSENBLUM in her official capacity as the Attorney General of the STATE OF OREGON, | |
| Defendant. | ORAL ARGUMENT REQUESTED |

TABLE OF CONTENTS

I.      INTRODUCTION .............................................................................................. 1

II.     BACKGROUND ................................................................................................. 3

        A.      Axos Bank Alleges Multiple Contractual Relationships With the
                Borrowers and Guarantors. ....................................................................... 3

        B.      The Oregon Legislature Enacts HB 4204. ................................................ 3

        C.      Axos Bank Alleges That the Borrowers and Guarantors Have Asserted
                Rights Under HB 4204.............................................................................. 5

        D.      Axos Bank Files Suit and Seeks a Preliminary Injunction. ..................... 5

III.    LEGAL STANDARDS ....................................................................................... 7

IV.     ARGUMENT ...................................................................................................... 8

        A.      The Court Cannot Accord Complete Relief Among the Existing Parties
                Because the Eleventh Amendment Shields the Attorney General from
                Claims Relating to the Private Right of Action. ..................................... 10

        B.      The Borrowers and Guarantors Have Claimed a Legally Protected Interest
                in the Subject Matter of This Case and Disposing of the Action in Their
                Absence Will Impair Their Ability to Protect That Interest. ................... 12

        C.      Joinder of the Borrowers and Guarantors Is Feasible.......................... 14

        D.      If Joinder Is Not Feasible, the Borrowers and Guarantors Are
                Indispensable Parties and the Court Should Dismiss the Case. ............. 15

V.      CONCLUSION ................................................................................................. 16

i

## LR 7-1 CONFERRAL

Pursuant to LR 7-1, Defendant's counsel conferred with Plaintiff's counsel prior to filing this motion.  Specifically, on October 27, 2020, Defendant's counsel Keith Ketterling and Steven Berman spoke with Plaintiff's counsel, Teresa Pearson, regarding the issues raised in this motion.  Mr. Berman and Ms. Pearson subsequently exchanged emails.  Mr. Berman and Ms. Pearson had a second conversation that also touched upon the issues raised in this motion on October 29, 2020.  However, they were unable to resolve the issues raised in this motion without the assistance of the Court.

## MOTION

Defendant Ellen Rosenblum, in her capacity as Attorney General, (the "Attorney General") moves the Court to join Shilo Inn, Portland/205, LLC; Shilo Inn, Seaside Oceanfront, LLC; Mark S. Hemstreet; Portland/205 Hotel (2) Corp.; and Shilo Seaside Oceanfront Corp., as necessary parties under Federal Rule of Civil Procedure ("FRCP") 19.  Alternatively, if joinder is not feasible, the Attorney General moves the Court to dismiss Plaintiff's Amended Complaint (ECF 5) pursuant to FRCP 19 and FRCP 12(b)(7).

## MEMORANDUM

### I.    INTRODUCTION

The gravamen of Plaintiff Axos Bank's Amended Complaint is that two hotels in the Shilo Inn hotel chain—Shilo Inn, Portland/205, LLC ("Shilo Portland") and Shilo Inn, Seaside Oceanfront, LLC ("Shilo Seaside") (collectively the "Borrowers") have failed to make payments on loans extended to them.  Axos Bank would like to seek default penalties against the Borrowers, and to enforce the corporate and personal guarantees backing those loans against

Page 1 -    DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Mark S. Hemstreet, Portland/205 Hotel (2) Corp., and Shilo Seaside Oceanfront Corp. (collectively the "Guarantors").  Axos Bank alleges that House Bill 4204,[1] passed by the Oregon Legislature in an emergency session this summer, precludes them from seeking those remedies against the Borrowers and Guarantors.  Axos Bank has sued the Attorney General—but not the Borrowers or Guarantors—for a declaration that HB 4204 is unenforceable against Axos Bank as to the Borrowers and Guarantors.

Axos Bank demands relief in its Amended Complaint that the Court cannot grant against the Attorney General.  In this case, Axos Bank demands a determination that the private right of action provided to borrowers in HB 4204 is not enforceable against it.  However, the Attorney General does not enforce that right.  It is a right the Oregon Legislature provided to private parties, not to the Attorney General.  Eleventh Amendment immunity prevents a determination of that issue in this forum against the Attorney General.  Second, Axos Bank's claims are contingent on factual and legal determinations that, absent HB 4204, Axos Bank would have a ripe dispute with the Borrowers and Guarantors.  The Attorney General is not a party to Axos Bank's agreements with the Borrowers and Guarantors and takes no position on whether those agreements are valid, enforceable, or have been breached.  It is not the Attorney General's role to defend the Borrowers and Guarantors.  Those contractual issues must be resolved between Axos Bank and the Borrowers and Guarantors, not between Axos Bank and the Attorney General.

The Attorney General respectfully submits that the Amended Complaint is deficient because Axos Bank has failed to join necessary parties, specifically the Borrowers and Guarantors.  This matter cannot be efficiently or fully resolved without those parties in the case.

---

[1] HB 4204, 80th Leg., 1st Spec. Sess. (Or. 2020) (hereinafter "HB 4204").

Page 2 -   DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY
              PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

Resolution without them also would significantly prejudice their ability to protect their contractual and statutory rights.  Accordingly, FRCP 19 and 12(b)(7) require joinder of the Borrowers and Guarantors or, if joinder is not feasible, dismissal of the Amended Complaint.

## II.    BACKGROUND

### A.    Axos Bank Alleges Multiple Contractual Relationships With the Borrowers and Guarantors.

Axos Bank alleges that it made loans to the Borrowers in December 2019.  (AC ¶¶ 5, 27).[2]  These loans were secured by real property, as well as a security interest in all leases, rents, issues, profits, and income generated from that real property, and all the personal property located on the real property, used in connection with, or incorporated into the real property, and certain other personal property.  (AC ¶¶ 6, 28).  The Guarantors executed guarantees for repayment of one or both loans.  (AC ¶¶ 10, 32).

Axos Bank alleges that as of June 1, 2020, the Borrowers were in default on the loans for failure to make monthly payments.  (AC ¶¶ 21, 43).  Axos Bank alleges that it desires to accelerate the loans and exercise its remedies under the loan documents, including, but not limited to, proceeding with foreclosure.  (AC ¶¶ 26, 48).  Axos Bank did not, however, immediately pursue those remedies when the Borrowers allegedly defaulted.

### B.    The Oregon Legislature Enacts HB 4204.

On June 30, 2020, Oregon Governor Kate Brown signed HB 4204 to address the health and economic effects of the novel coronavirus ("COVID-19").  (AC ¶¶ 49–51).  During a temporary emergency period beginning on March 8, 2020, and lasting until December 31, 2020,

---

[2] "AC" refers to the Amended Complaint (ECF 5) filed on October 5, 2020.

Page 3 -    DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

if a borrower notifies a lender that the borrower will not be able to make payments on a mortgage, land sale contract, or other security interest secured by real property or personal property used as a residence, the lender may not treat nonpayment as a default. HB 4204 § 1(3)(a). Instead, either the lender must (1) agree to modify, defer, or otherwise mitigate the loan, including by agreeing to a foreclosure avoidance measure; or (2) defer from collecting the periodic installment payment during the emergency period and permit the borrower to pay any amount the borrower owes to the lender as a result of the deferral when the full loan amount is due. HB 4204 §§ 1(3)(a)(A)–(B). The statute also prohibits lenders from taking other actions as penalties for late payment or nonpayment by borrowers and expressly institutes a temporary foreclosure moratorium. HB 4204 §§ 1(3)(d), 1(4).

To obtain protection under HB 4204, borrowers must provide lenders with notice that they cannot make payments and must also attest that nonpayment is a result of lost income related to the COVID-19 pandemic. HB 4204 § 1(3)(c). In the case of commercial property, the borrowers' notification must include financial statements or other evidence that demonstrates a loss of income related to the COVID-19 pandemic and must disclose any funds the borrower received from the United States Small Business Administration under the Paycheck Protection Program. *Id.* HB 4204 confers a private right of action on any borrower who suffers an ascertainable loss of money or property because a lender took an action prohibited under subsection (3). HB 4204 § 1(8). A borrower who prevails in the action may recover court costs and attorney fees. *Id.*

Page 4 -    DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY
PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

C. **Axos Bank Alleges That the Borrowers and Guarantors Have Asserted Rights Under HB 4204.**

Axos Bank alleges that the Borrowers provided notice under HB 4204 § 1(3)(c).  (AC ¶ 54).  Axos Bank alleges the Borrowers furnished to Axos Bank financial statements demonstrating a loss of income related to the COVID-19 pandemic, and their representative disclosed receipt of loans under the Paycheck Protection Program.  (*Id.*).  Axos Bank alleges that at the time the Borrowers provided notice, they had already missed payments to Axos Bank dating back to March 1, 2020, and that Axos Bank had already notified them and the Guarantors that interest was accruing from and after March 1, 2020.  (AC ¶ 50).

Axos Bank does not allege, and cannot in good faith allege, that the Attorney General has threatened to pursue action against Axos Bank should Axos Bank pursue its alleged rights against the Borrowers or Guarantors.  Similarly, Axos Bank has not alleged—because it cannot—that the Attorney General has any control or authority over whether the Borrowers or Guarantors may pursue a private right of action against Axos Bank.

D. **Axos Bank Files Suit and Seeks a Preliminary Injunction.**

On October 2, 2020, Axos Bank filed a Complaint—not against the Borrowers or Guarantors—but against the State of Oregon.  On October 5, 2020, Axos Bank filed its Amended Complaint—naming only the Attorney General as a defendant.  Axos Bank seeks a declaration that HB 4204 violates the Supremacy Clause, Contracts Clause, and Due Process Clause of the United States Constitution and an injunction preventing its enforcement as it applies to Axos Bank's rights against the Borrowers and Guarantors.  (AC ¶¶ 58–86).  Axos Bank alleges that one provision of HB 4204 in particular—the private right of action—unconstitutionally interferes with its power to make, service, and collect real estate loans and enforce its contractual remedies.

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

(AC ¶¶ 67, 73).  Axos Bank further alleges that the private right of action arbitrarily and irrationally imposes the risk of liability for actions that Axos Bank took between the start of the emergency period on March 8, 2020, and when the statute went into effect on June 30, 2020. (AC ¶ 82).

On October 16, 2020, Axos Bank moved for a preliminary injunction.  (ECF 8).  Axos Bank asks the Court to enjoin enforcement of HB 4204 so that Axos Bank may collect default interest and late payments and exercise other contractual remedies against the Borrowers and Guarantors.  (*Id.* at 37–38).

Axos Bank's contractual relationship with the Borrowers and Guarantors, and Axos Bank's desire to avoid the private right of action under HB 4204, predominate the allegations in its Amended Complaint, and Axos Bank's request for injunctive relief.  Nine pages of its Amended Complaint are allegations regarding the existence and terms of the loan documents with the Borrowers and Guarantors.  (AC ¶¶ 5–48, 52, 56, 81; *see also* AC Exs. 1–12). Axos Bank repeatedly alleges that HB 4204 interferes with Axos Bank's contractual rights and remedies against those Borrowers and Guarantors.  (AC ¶¶ 67, 73, 81).  And Axos Bank repeatedly alleges an entitlement to relief from the private right of action created by HB 4204. (*See, e.g.*, AC ¶ 67 ("HB 4204 also significantly interferes with Plaintiff's power to make, service and collect real estate loans by providing a private right of action to Shilo Portland and Shilo Seaside for actions that Plaintiff lawfully took"); *see also id.* ¶¶ 73, 82 (making similar allegations)).

Axos Bank's preliminary injunction motion takes an identical tack.  In both its Amended Complaint and motion, Axos Bank seeks "an injunction against the enforcement of HB 4204

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

against Plaintiff."  (AC  ¶¶ 69, 75, 85, Prayer at ¶ 2; *see also* Motion (ECF 8) at 2 ("Plaintiff requests entry of an order enjoining the application of Oregon's Enrolled House Bill 4204 to Plaintiff and loans issued by Plaintiff"); Memorandum in Support of Plaintiff's Motion (ECF 8) at 12 (arguing that HB 4204's providing a private right of action to Shilo Portland and Shilo Seaside "significantly interfere[s] with Plaintiff's rights and obligations"); *id.* at 13 (same)).  The allegations in Plaintiff's operative complaint and preliminary injunction motion cannot be resolved without a determination as to whether Axos Bank has a viable dispute with the Borrowers and Guarantors, and whether those Borrowers and Guarantors have a private right of action against Axos Bank.

## III.    LEGAL STANDARDS

FRCP 19 provides for mandatory joinder of parties who are "required" or "necessary" for the litigation at hand.  *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 867 n.5 (9th Cir. 2004) (explaining that "necessary party" is a "term[ ] of art in Rule 19 jurisprudence" and refers to a party who must be joined if feasible).  Rule 19(a)(1) establishes two broad categories of necessary parties.  First, a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties."  FRCP 19(a)(1)(A).  Second, a party is necessary if:

> that person **claims an interest relating to the subject of the action** and is so situated that disposing of the action in the person's absence may:  (i) **as a practical matter impair or impede the person's ability to protect the interest**; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FRCP 19(a)(1)(B) (emphasis added).  "If a person has not been joined as required, the court must order that the person be made a party."  FRCP 19(a)(2).

Page 7 -   DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY
PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

Joinder of a necessary party may not be "feasible" in three circumstances:  (1) when venue is improper; (2) when the absentee is not subject to personal jurisdiction; and (3) when joinder would destroy subject matter jurisdiction.  FRCP 19(a); *see also E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (listing the three factors that may make joinder unfeasible).  If joinder of a necessary party is unfeasible, then "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  FRCP 19(b).  When it is preferable to dismiss the action, rather than to retain it, in a necessary party's absence, that party is referred to as "indispensable."  *Peabody*, 400 F.3d at 779.

To determine whether equity and good conscience necessitate dismissal, *i.e.*, whether a party is indispensable, courts may consider (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which the court may take measures to mitigate any prejudice; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.  FRCP 19(b).  FRCP 12(b)(7) provides for dismissal when a plaintiff fails to join an indispensable party.  "The inquiry is a practical, fact-specific one, designed to avoid the harsh results of rigid application."  *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002).

## IV.   ARGUMENT

The Attorney General moves the Court, before addressing Axos Bank's preliminary injunction motion, to join the Borrowers and Guarantors as necessary parties or, if joinder is not

Page 8 -   DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY
PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

feasible, to dismiss the Amended Complaint for failure to join indispensable parties.[3]  The

Borrowers and Guarantors are necessary parties to this action under FRCP 19 for two reasons.

First, the Court cannot accord complete relief among the existing parties.  FRCP 19(a)(1)(A).

Axos Bank has not named a state officer who has "some connection with the enforcement of the

[allegedly unconstitutional] act," as it must do in order to bring suit in federal court against a

state officer in her official capacity.  *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th

Cir. 1992) (alteration in original) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).  The

Attorney General cannot enforce HB 4204's private right of action; only the Borrowers and

Guarantors can.  The Eleventh Amendment therefore bars suit against the Attorney General for

any claims relating to the private right of action.  Joinder of the Borrowers and Guarantors is

required for the Court to reach Axos Bank's private right of action claims and determine the

appropriate relief.

      Second, the Borrowers and Guarantors have claimed an interest relating to the subject of

the action and are so situated that disposing of the action in their absence will, as a practical

matter, impair or impede their ability to protect that interest.  FRCP 19(a)(1)(B).  By sending

notice to Axos Bank that the Borrowers cannot make payments due to the COVID-19 pandemic,

the Borrowers and Guarantors claimed an interest in HB 4204's enforcement and

nonenforcement of their loan agreements during the emergency period.  The Borrowers' and

Guarantors' contract and statutory rights are legally protected, and adjudicating this case without

---

[3] Concurrent with this motion to join or dismiss, the Attorney General asks the Court to stay briefing on the preliminary injunction motion pending a ruling on the joinder issues and discovery concerning whether the alleged loans are actually in default, if the Borrowers and Guarantors contest Axos Bank's factual or legal assertions, and if all remedies have been exhausted.

Page 9 -   DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY
                PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

them would allow Axos Bank to obtain a ruling on the Borrowers' and Guarantors' rights without providing them an opportunity to argue for the application of those rights to their circumstances.

Joinder of the Borrowers and Guarantors is feasible. They are subject to the Court's personal jurisdiction, and their joinder would not make venue improper or destroy the Court's subject matter jurisdiction. Alternatively, if joinder were not feasible for any reason, the Borrowers and Guarantors are indispensable parties, and the action should be dismissed rather than proceed without out them.

> **A.    The Court Cannot Accord Complete Relief Among the Existing Parties Because the Eleventh Amendment Shields the Attorney General from Claims Relating to the Private Right of Action.**

Axos Bank has not named a party who can defend HB 4204's private right of action in federal court. Private parties, not the Attorney General, have the right to enforce this provision. *See* HB 4204 § 1(8) ("A borrower that suffers an ascertainable loss of money or property because a lender took an action prohibited under subsection (3) of this section may bring an action in a circuit court of this state to recover the borrower's actual damages."). Because the Attorney General does not enforce the private right of action, the Eleventh Amendment protects the Attorney General from any claims relating to that provision of HB 4204.

The Eleventh Amendment grants sovereign immunity to states and their officers unless a plaintiff seeks "only prospective declaratory or injunctive relief against state officers in their official capacities." *Eu*, 979 F.2d at 704 (citing *Ex parte Young*, 209 U.S. at 155–56). To come within the exception for suits against state officers in their official capacities under *Ex parte*

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

*Young*, the plaintiff must name a state officer who has "some connection with the enforcement of the [allegedly unconstitutional] act." *Id.* at 704 (alteration in original) (quoting *Ex parte Young*, 209 U.S. at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* The Ninth Circuit has held that even when the Oregon attorney general stated an intention to direct and advise district attorneys to prosecute violations of a statute, "the attorney general's connection with enforcement is insufficient" to satisfy *Ex parte Young*. *S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614–15 (9th Cir. 1980).

Axos Bank alleges no connection between the Attorney General and the enforcement of HB 4204's private right of action. Indeed, nothing in the statute would allow the Attorney General to have any role in such enforcement, not even in a supervisory capacity. The Eleventh Amendment therefore bars suit against the Attorney General for any claims related to the private right of action.[4] For the Court to make any determination regarding these claims, and thereby "accord complete relief among existing parties," Axos Bank must name someone who could enforce the private right of action against it. FRCP 19(a)(1)(A). The Borrowers and Guarantors are the only parties who could do so based on the allegations in the Amended Complaint. Accordingly, FRCP 19(a)(1)(a) requires the Borrowers' and Guarantors' joinder.

---

[4] Because Axos Bank has not even alleged that the Attorney General has a "generalized duty to enforce state law," it is difficult to see how it has alleged any viable claim against the Attorney General. But that issue need not be addressed in this motion.

Page 11 -  DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY
PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

**B.    The Borrowers and Guarantors Have Claimed a Legally Protected Interest in the Subject Matter of This Case and Disposing of the Action in Their Absence Will Impair Their Ability to Protect That Interest.**

Application of FRCP 19(a)(1)(B) is "contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). The Borrowers and Guarantors have claimed an interest in enforcement of HB 4204 and nonenforcement of Axos Bank's contractual remedies during the emergency period. Axos Bank has alleged that the Borrowers sent Axos Bank notice of their inability to make monthly payments, as required by HB 4204 § 1(3)(a). (AC ¶ 54). Axos Bank alleges that the Borrowers provided financial statements demonstrating a loss of income related to the COVID-19 pandemic and disclosed their receipt of loans under the Paycheck Protection Program, as required by HB 4204 § 1(3)(c). (*Id.*) By sending notice, the Borrowers, and through them the Guarantors, "asserted a formal interest in . . . the subject matter of this action." *Northrop Corp.*, 705 F.2d at 1043–44.

The Borrowers' and Guarantors' interest in enforcement of HB 4204, and nonenforcement of their loan agreements during the emergency period, is legally protected. "Where rights sued upon arise out of contract, all parties thereto are deemed indispensable and should be joined." *Jacobsen v. Luckenbach S. S. Co.*, 201 F. Supp. 883, 889 (D. Or. 1961) (citing *Ward v. Deavers*, 203 F.2d 72 (D.C. Cir. 1953)). In *Jacobsen*, for example, the court held that a plaintiff's claim against his former employer for pension benefits under a trust agreement would require the court to construe the agreement, which the court could not do without the trustees' presence. *Id.* at 889–90.

Page 12 -  DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

Similarly, in *Dawavendewa*, the Ninth Circuit addressed whether the Navajo Nation had an interest in a suit by an individual against a power district for employing a hiring preference policy in violation of Title VII of the Civil Rights Act of 1964.  276 F.3d at 1153.  The power district had a lease with the Navajo Nation that required it preferentially to hire Navajos.  *Id.* The court held that the Navajo Nation was a necessary party.  It reasoned that the suit could affect the Navajo Nation's lease, and "[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."  *Id.* at 1156 (alteration in original) (quoting *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975)).

A nonparty may also have a legally protected interest in whether a statute that affects its rights is constitutional.  In *Shermoen v. United States*, the Ninth Circuit held that the Hoopa Valley and Yurok tribes had an indisputable interest in the outcome of an action by individual Native Americans and the Coast Indian Community of Yurok Indians challenging the constitutionality of the Hoopa-Yurok Settlement Act.  982 F.2d 1312, 1317 (9th Cir. 1992).  The court rejected the argument that the tribes were not necessary parties because "the very existence of the absent tribes' interest depends on the legality of the Act."  *Id.*  The court emphasized that the tribes still had a right to be heard and to participate in adjudication of the claimed interest, even if the dispute was ultimately resolved to their detriment.  *Id.*

Here, Axos Bank alleges that it has contractual agreements with the Borrowers and Guarantors, giving rise to its asserted rights under national banking laws and the Constitution. (*See, e.g.*, FAC ¶¶ 5–10, 27–32).  If Axos Bank is successful in this lawsuit, it has stated that it will proceed with foreclosures and enforce other remedies under the terms of its contracts with

Page 13 -  DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY
PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT

the Borrowers and Guarantors.  (AC ¶¶ 24, 26, 46, 48).  The Borrowers and the Guarantors have a legally protected interest in whether Axos Bank can take these steps against them.

Disposing of this case without the Borrowers' and Guarantors' participation will prejudice their ability to protect their interest in enforcement of HB 4204 and nonenforcement of their loan agreements during the emergency period.  This case will require the Court to address whether the alleged loans are valid and actually in default, which could impact a subsequent foreclosure or breach of contract action against the Borrowers and Guarantors.  In such subsequent cases, the Borrowers and Guarantors could not raise an affirmative defense under HB 4204 if the Court or finder-of-fact determines that the statute violates the Constitution. Accordingly, FRCP 19(a)(1)(b) requires the Borrowers' and Guarantors' joinder.

### C.    Joinder of the Borrowers and Guarantors Is Feasible.

Joining the Borrowers and Guarantors will not raise personal jurisdiction issues, make venue improper, or destroy subject matter jurisdiction.  Axos Bank alleges that the Borrowers and Guarantors do business in Oregon (AC ¶¶ 5, 6, 9, 27, 28, 32).  The loan documents show that the Borrowers and corporate Guarantors are Oregon entities.  (AC Ex. 1 at 1, 12; Ex. 7 at 1, 12). The loan documents also show that the individual Guarantor, Mr. Hemstreet, has a physical address in Oregon.  (AC Ex. 4 at 1).  Venue is proper based on the residences of the defendants and the events that occurred in Oregon, including the recording of the loans.  (AC ¶¶ 2, 4, 6, 28).

Jurisdiction is also proper.  In addition to being Oregon residents, the Borrowers and Guarantors consented to personal jurisdiction and venue in Oregon, where the Shilo Portland and Shilo Seaside are located, in the loan documents.  (AC Ex. 1 at 9, Ex. 7 at 9 ("Borrower irrevocably submits to the jurisdiction of: (a) any state or federal court sitting in the State of

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

Oregon over any suit, action, or proceeding, brought by Borrower against Lender, arising out of or relating to this Note or the Loan evidenced hereby"); Ex. 4 at 6, Ex. 5 at 6, Ex. 10 at 7, Ex. 11 at 6 ("Guarantor irrevocably (a) agrees that any suit, action or other legal proceeding arising out of or relating to this Guaranty may be brought in a court of record with jurisdiction in the county and state in which the Property is located . . . (b) consents to the jurisdiction of each such court in any such suit, action or proceeding and (c) waives any objection which it may have to the laying of venue of any such suit, action or proceeding in any of such courts and any claim that any such suit, action or proceeding has been brought in an inconvenient forum.")). Finally, the addition of the Borrowers and Guarantors to the case will not destroy the Court's subject matter jurisdiction, which arises from the federal questions at issue. (AC ¶ 3). Joinder therefore is feasible.

      **D.**    **If Joinder Is Not Feasible, the Borrowers and Guarantors Are Indispensable Parties and the Court Should Dismiss the Case.**

      If the Court concludes that joinder is not feasible for any reason, the Court should dismiss Axos Bank's claims for failure to join indispensable parties. As described above, the Borrowers and Guarantors would suffer significant prejudice to their ability to defend themselves in a foreclosure or breach of contract case if the present action goes forward without them. The Court cannot implement protective measures or shape relief in a way that adequately would safeguard the Borrowers and Guarantors. The relief that Axos Bank requests—enjoining enforcement of HB 4204, declaring the statute unconstitutional as it applies to Axos Bank's rights against the Borrowers and Guarantors, and allowing Axos Bank to pursue rights and remedies against the Borrowers and Guarantors without facing a private right of action—would necessarily have a prejudicial effect on the absent parties. Finally, Axos Bank has an adequate remedy if the action is dismissed for nonjoinder: it can pursue a declaratory judgment action

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

against the Borrowers and Guarantors and litigate the constitutionality of HB 4204 in that context. The factors set forth in FRCP 19(b) thus require dismissal of the case if the Borrowers and Guarantors cannot be joined.

## V.    CONCLUSION

For the foregoing reasons, the Borrowers and Guarantors are necessary and indispensable parties. The Attorney General moves the Court to either require their joinder or, if joinder is not feasible, dismiss the case.

DATED this 6th day of November, 2020.

STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.

By: s/ Keith Ketterling
**Keith Ketterling**, OSB No. 913368
**Steven C. Berman**, OSB No. 951769
**Megan K. Houlihan**, OSB No. 161273

209 SW Oak Street, Suite 500
Portland, OR  97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:      kketterling@stollberne.com
            sberman@stollberne.com
            mhoulihan@stollberne.com

*Special Assistant Attorneys General for Ellen F. Rosenblum in her official capacity as the Attorney General of the State of Oregon*

Page 16 -  DEFENDANT'S FRCP 12(B)(7) AND 19 MOTION TO JOIN NECESSARY
PARTIES OR DISMISS PLAINTIFF'S AMENDED COMPLAINT