IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AXOS BANK, a federally chartered
savings and loan association,                          No. 3:20-cv-01712-HZ

                     Plaintiff,                          OPINION & ORDER

     v.

ELLEN F. ROSENBLUM in her official
capacity as the Attorney General of the
STATE OF OREGON,

                     Defendant.


Teresa Pearson
Richard Masters
Miller Nash Graham & Dunn LLP
111 SW Fifth Avenue, Suite 3400
Portland, OR 97204

       Attorneys for Plaintiff


1 – OPINION & ORDER

Keith Ketterling
Megan Houlihan
Steven Berman
Stoll Stoll Berne Lokting & Schlachter, P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Axos Bank brings this action against Defendant Ellen Rosenblum, in her official capacity as the Attorney General of the State of Oregon, challenging the constitutionality of House Bill 4204. Currently before the Court is Defendant's Motion to Join Necessary Parties or Dismiss Plaintiff's Amended Complaint [15]. For the following reasons, the Court GRANTS Defendant's motion to dismiss.

## BACKGROUND

      In December 2019, Plaintiff made loans to Shilo Inn, Portland/205, LLC and Shilo Inn, Seaside Oceanfront, LLC ("Borrowers"). The loans are secured by real property, as well as a security interest in all leases, rents, issues, profits, and income generated from that real property, and all the personal property located on the real property, used in connection with, or incorporated into the real property, and certain other personal property. Mark Hemstreet, Portland/205 Hotel (2) Corporation, and Shilo Seaside Oceanfront Corporation ("Guarantors") executed guarantees for repayment of one or both loans.

      Plaintiff alleges Borrowers have not made any payments on the loans since March 1, 2020. After granting a forbearance period, Plaintiff sent Borrowers a default letter on June 1, 2020, informing them that it would accelerate the loan if they did not cure their default by June 30. The notes provide for a default interest rate of 18% per annum.

On June 30, 2020, Oregon State Governor Kate Brown signed House Bill 4204 into law. HB 4204, 80th Leg., 1st Spec. Sess. (Or. 2020) (hereinafter "HB 4204"). HB 4204 creates an "emergency period" between March 8, 2020 and September 30, 2020, which Governor Brown extended to December 31, 2020, as authorized by the bill. In short, HB 4204 makes it unlawful during the emergency period for a lender to pursue collection actions and foreclosure proceedings against borrowers adversely impacted by COVID-19. More specifically, upon proper notice to the lender, HB 4204: (1) authorizes a borrower to defer payments owed during the emergency period and pay all amounts deferred on the maturity date of the loan; (2) prohibits a lender from imposing or collecting charges, fees, penalties, attorney fees, or other amounts that, but for the provisions of HB 4204, the lender might have imposed or collected from a borrower for failing to make a periodic payment during the emergency period; and (3) provides a private right of action, allowing borrowers to sue lenders for actual damages caused by any action taken in violation of HB 4204. *Id.* at §§ 3(c)-(d), 8.

Prior to enactment of HB 4204, but during the retroactive emergency period, Borrowers gave Plaintiff notice of their inability to pay their loan obligations and provided documentation demonstrating their loss of income related to the COVID-19 pandemic. The notice and documentation provided by Borrowers satisfy the notice requirements of sections 3(a) and (c) of HB 4204. Plaintiff desires to accelerate the loans and pursue its contractual remedies but has ceased all collection activity in light of HB 4204.

On October 2, 2020, Plaintiff filed this action alleging HB 4204 is unconstitutional as applied to Plaintiff because the bill: (1) is preempted by federal law governing Plaintiff's lending activities; (2) impairs Plaintiff's contractual relationships with Borrowers and Guarantors in violation of the Contracts Clause; and (3) violates Plaintiff's Due Process rights through its

retroactive application. Plaintiff seeks declaratory and injunctive relief, as well as attorneys' fees and costs.

On October 16, 2020, Plaintiff filed a motion for preliminary injunction seeking to enjoin the enforcement of HB 4204. On November 6, 2020, Defendant filed her Motion to Join Necessary Parties or Dismiss Plaintiff's Amended Complaint. During the November 10 scheduling conference, the Court directed the parties to address in their briefs the issue of whether Plaintiff is seeking an advisory opinion.[1] Oral argument was held on December 9, 2020.

## STANDARDS

Federal courts are courts of limited jurisdiction, and as a preliminary matter, a plaintiff must satisfy the "case or controversy" requirement of Article III of the Constitution to maintain a claim in this forum. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). If the Court does not have an actual case or controversy before it, it has no authority to hear the matter in question. *Lyons*, 461 U.S. at 101. "Standing is a core component of the Article III case or controversy requirement." *Barnum Timber Co. v. EPA*, 633 F.3d 894, 897 (9th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Standing pertains to the federal courts' subject matter jurisdiction and is properly raised in a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *see also Cetacean Cmty.*, 386 F.3d at 1174 ("A suit brought

---

[1] Although Defendant did not move to dismiss under Federal Rule of Civil Procedure 12(b)(1), a court must raise the issue *sua sponte* if there is any question as to whether it has subject matter jurisdiction over an action. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (Because subject matter jurisdiction "keep[s] the federal courts within the bounds the Constitution and Congress have prescribed," such "delineations must be policed by the courts on their own initiative[.]"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit.").

## DISCUSSION

Plaintiff lacks standing to bring this action against Defendant. The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff must have (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to redressed by a favorable judicial decision. *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan*, 504 U.S. at 560. To establish an injury in fact, a plaintiff must show that "he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1547-48 (internal quotation omitted). At this stage in the proceedings, a plaintiff need only "show that the facts alleged, if proved, would confer standing." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003).

In *Bland v. Fessler*, the plaintiffs brought a suit against the California Attorney General challenging the constitutionality of a statute that prohibited the plaintiffs' use of telephonic autodialing devices. 88 F.3d 729, 730 (9th Cir. 1996). The Attorney General was authorized to enforce the statute with fines. *Id.* at 731. The statute also provided a private right of action for citizens to recover damages for violations of the statute. *Id.* The Attorney General argued that the plaintiffs could not demonstrate an injury—and therefore did not have standing to challenge the statute—because the Attorney General had not brought an enforcement action against the plaintiffs. *Id.* at 736. The Ninth Circuit disagreed.

The court first noted that a "plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Id.* at

736 (quoting *Babbit v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). The court found that, even though the Attorney General had not enforced the statute against the plaintiffs, "[o]ne does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending that is enough." *Id.* (quoting *Babbit*, 442 U.S. at 298). The court was "not troubled by the pre-enforcement nature of th[e] suit" because: (1) the Attorney General had the authority to enforce the statute; (2) the Attorney General had not stated affirmatively that his office would not enforce the statute against the plaintiffs; (3) the legislature intended the Attorney General to enforce the statute; and (4) the statute had not fallen into desuetude. *Id.* at 737 (quoting *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 393 (1988)). Absent any indication that the Attorney General would not enforce the statute against the plaintiffs, the Ninth Circuit concluded that it was sufficiently injurious for purposes of Article III standing that the plaintiff was "under the cloud of the civil statute's penalties." *Id.*

Here, however, HB 4204 does not authorize Defendant to bring any type of enforcement action against lenders who violate the bill. Indeed, counsel for Defendant conceded as much at oral argument. Rather, HB 4204 is designed to be enforced through its private right of action. This private right can only be enforced by Borrowers and Guarantors, not Defendant. As such, any "danger of sustaining a direct injury as a result of [HB 4204]'s operation or enforcement" could only be caused by Borrowers or Guarantors, who are not parties to this action. *Id.* at 736 (citation omitted); *see also S. Pac. Transp. Co. v. Brown*, 651 F.2d 613, 614 n.1 (9th Cir. 1980) (finding injury stemming from private rights granted by statute "could not have been traced to the action of the attorney general, against whom relief is sought"); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (A federal court "may not attempt to determine the rights of persons not before the court."). A federal court has "no right to pronounce an abstract opinion

upon the constitutionality of a state law. Such law must be brought into actual or threatened operation, upon rights properly falling under judicial cognizance, or a remedy is not to be had." *Cherokee Nation v. State of Ga.*, 30 U.S. 1, 75 (1831). Further, "a grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'" *Carney v. Adams*, 529 U.S. ---, ---, 2020 WL 7250101, at *3 (2020). Accordingly, Plaintiff does not have standing bring this action against Defendant.

Absent any threat of enforcement by Defendant, Plaintiff's only argument for why it has standing is that "as the head of the Department of Justice, the Defendant is the person charged with protecting the legal interests of the state in defending the constitutionality of HB 4204." Pl.'s Resp. 6, ECF 18. Under the Eleventh Amendment, however, a state officer must "have some connection with the enforcement of the act or else [the suit] is merely making h[er] a party as a representative of the state, and thereby attempting to make the state a party.'" *Ex parte Young*, 209 U.S. 123, 157 (1908)). "This connection must be fairly direct; a generalized duty to enforce state law . . . will not subject an official to suit." *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). As discussed, Defendant has no connection with the enforcement of HB 4204. Therefore, in addition to lacking standing, Plaintiff's claims are also barred by the Eleventh Amendment.[2]

///

///

///

---

[2] Because the Court does not have subject matter jurisdiction over this action, it need not reach Defendant's Motion to Join Borrowers and Guarantors as necessary parties. Fed. R. Civ. P. 12(h)(3).

**CONCLUSION**

For the reasons discussed, the Court GRANTS Defendant's Motion to Dismiss [15].

IT IS SO ORDERED.


DATED:    December 14, 2020    .



MARCO A. HERNÁNDEZ
United States District Judge